UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Barbara H.[1], | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   CIVIL NO. 1:18cv137 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI), as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for SSI must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 3,

> 2015, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: s/p lumbar fusion with residual degenerative disc disease of the lumbar spine, status post spinal cord stimulator implantation, migraines, anxiety disorder, major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder (ADHD), chronic pain syndrome, and trochanteric bursitis (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can occasionally climb ramps and stairs, she can never climb ladders, ropes, scaffolds, she can occasionally balance, stoop, kneel, crouch and crawl, she should avoid concentrated exposure to unprotected heights and unguarded moving machinery. The claimant can understand, remember and carry out simple instructions and tasks, she can make judgments on simple work-related decisions, she can respond appropriately to coworkers, supervisors and the general public, she can respond appropriately to usual work situations, and she can deal with routine changes in a routine work setting.
>
> 5. The claimant is capable of performing past relevant work as a cashier and housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since February 3, 2015, the date the application was filed (20 CFR 416.920(f)).

(Tr. 17- 26).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on January 16, 2019. On April 12, 2019 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on

April 28, 2019. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

Plaintiff was over 55 years old on the date of the hearing. She has previous work as a cashier, housekeeper, and mold machine operator.

Plaintiff alleges the following impairments: migraines, status/post lumbar fusion with residual degenerative disc disease of the lumbar spine, status post spinal cord stimulator implantation, moderate stenosis, trochanteric bursitis, chronic pain syndrome, anxiety disorder, generalized anxiety disorder, anxiety attacks, major depressive disorder, history of suicidal ideation, and ADHD.

In support of remand, Plaintiff first argues that the ALJ erred in failing to find limitations for Plaintiff's migraine headaches in the RFC. Plaintiff asserts that limitations should have been included regarding pacing, at will breaks, absences, and environmental triggers. At step two of the sequential evaluation, the ALJ found that Plaintiff's migraine headaches were severe within the meaning of the regulations (Tr. 17). In explaining this finding, the ALJ cited progress notes reporting that Plaintiff was experiencing migraine headaches 2-3 times per week in May 2014, but that Plaintiff was treated with Imitrex, which was helpful (Tr. 18, 573). At the hearing, Plaintiff testified that she took blood pressure medication along with Imitrex, stating "that's the only thing that helps my migraines" (Tr. 63). Plaintiff testified that when taking these medications, she will have a migraine "[m]aybe once a month [or] twice" and that "they last about all day" (Tr. 21, 70); without medication, Plaintiff testified that she would have a migraine "just about every day" (Tr. 69).

The ALJ found that the medical evidence did not document one or two migraine headaches per month (Tr. 23). Plaintiff's primary care physician noted treatment for migraines in 2014 (Tr. 23, 573), but the ALJ observed that few recent migraine complaints are noted in the record, despite Plaintiff's testimony of worsening migraines (Tr. 23). However, the record shows that Plaintiff has been repeatedly diagnosed with and treated for migraines[2]. In fact, in a prior decision regarding this Plaintiff and her migraines, the Appeals Council remanded the case to the ALJ for failure to include limitations for migraines[3]. Inexplicably, the current ALJ decision also

---

[2] AR 419, 428, 437, 466, 471, 472, 475, 476, 573-74, 635, 685, 691, 697, 728, 733, 742, 858.

[3] AR 131.

fails to include any limitations for Plaintiff's migraines. Thus, this court will remand this case, instructing the ALJ to properly assess the treatment record regarding Plaintiff's migraines, and to include the appropriate limitations in the RFC.

Next, Plaintiff argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments into the RFC and also erred in not properly weighing the opinion of Dr. Boen, the examining consultative psychologist. An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe. 20 C.F.R. § 404.1545(a). The hypothetical posed to the VE, and the ALJ's RFC assessment, must incorporate all of the claimant's limitations supported by the medical record. *See Varga v. Colvin*, 794 F. 3d 809, 813 (7th Cir. 2015). Moreover, an ALJ may not ignore entire lines of evidence. *See Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir.2008). When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered "severe." *Id*. § 404.1545(a)(2), (b), (c). Mental limitations must be part of the RFC assessment, because "[a] limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." *Id*. § 404.1545(c). *See Craft v. Astrue*, 539 F. 3d. 668, 676 (7th Cir. 2008).

As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir.2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's

limitations is to include all of them directly in the hypothetical."); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir.2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *see also* SSR 96-5p, 1996 WL 374183, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545.

In the present case, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace. This may not have been enough to justify a "listing" finding under the "B" criteria; however, the decision cannot be consistent with itself if this finding does not translate into concentration, persistence, and pace limitations that are incorporated into the RFC. The ALJ limited Plaintiff to simple tasks/decisions, limited interactions, and to routine changes in work setting. This limitation is insufficient under the *Yurt* standard to encompass concentration, persistence, and pace (CPP) factors. Given Plaintiff's extensive mental health history and problems, that involved not just pain from headaches and other conditions, but major depressive disorder, recurrent, with psychotic features, history of suicidal ideation, anxiety disorder; generalized anxiety disorder, anxiety attacks ,and ADHD, predominantly inattentive presentation, the record shows that Plaintiff had CPP deficits. The ALJ acknowledged that concentration deficits interfered with CPP factors. This is why the ALJ assigned to CPP a "moderate" gradation in the "B" criteria analysis. However, the ALJ placed no pacing limitations in the RFC. Pacing limitations such as goal-oriented pace, nonproduction pace, and/or other pacing limitations tailored to this claimant should have been included, but were not. This is error and remand is warranted .

As discussed above, the ALJ opinion already presents the problem of inconsistency by not including pacing limitations while finding "moderate" CPP limitations. But this lack of pacing limitations becomes even more problematic because the opinion of the examining psychological consultative examiner, Dr. Boen, specifically supports these limitations. With respect to the weight given to Dr. Boen's opinion, the opinion stated that Plaintiff would not be able to concentrate on the job and would not be able to stay on task. The ALJ assigned little weight to this opinion. As Dr. Boen is the Agency's own examining psychologist, it causes consternation when the opinion is rejected by the ALJ. *Beardsley v. Colvin* 758 F.3d 834 (7th Cir. 2014). As this case is being remanded on the above issue of lack of CPP limitations, Dr. Boen's opinion should be re-evaluated to determine if it was given proper weight.

Lastly, Plaintiff argues that the ALJ erred by overemphasizing Plaintiff's daily activities. The Seventh Circuit has repeatedly cautioned that a person's ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012), *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir.2011); *Gentle v. Barnhart*, 430 F.3d 865, 867–68 (7th Cir. 2005). In the present case, the record shows that Plaintiff's daily activities were minimal, and included sometimes preparing meals, cleaning, shopping, driving, listening to music, etc. The ALJ opined that Plaintiff's activities demonstrated a greater level of physical and psychological function than alleged by Plaintiff. In light of the fact that this case is being remanded for the reasons discussed above, this court will also remand for a closer look at the weight to be given to Plaintiff's daily activities.

Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Entered: July 22, 2019.

                                            s/ William C. Lee
                                            William C. Lee, Judge
                                            United States District Court